**BROWN KWON & LAM, LLP**
William Brown, Esq.
521 Fifth Avenue, 17ᵗʰ Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTORIA ROJAS,<br><br>      **Plaintiff,**<br><br>    - against -<br><br>**COURT STREET CONV N DELI INC d/b/a**<br>    **COURT STREET CONVENIENCE,**<br>**ABDUL ALI FARA, SAHIL CHANDRANI,**<br>**and ABDUL HAMEED MOHAMMED**<br><br>      **Defendants.** | **Case No.:**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff VICTORIA ROJAS ("Plaintiff"), upon personal knowledge as to herself, and upon information and belief as to other matters, by and through her undersigned attorneys, hereby files this Complaint against Defendant COURT STREET CONV N DELI INC d/b/a COURT STREET CONVENIENCE (the "Corporate Defendant"), and ABDUL ALI FARA, SAHIL CHANDRANI, and ABDUL HAMEED MOHAMMED (each an "Individual Defendant," and together with the Corporate Defendant, the "Defendants") and allege as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of herself pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2.      Plaintiff brings this action on behalf of herself pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, seeking from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

3.      Plaintiff also brings this action on behalf of herself pursuant to the New York State Human Rights Law, New York State Executive Law, Article 15 §§ 290 *et seq.* ("NYSHRL"), that Defendants engaged in discriminatory employment practices on the basis of sexual harrassment discrimination, fostered and subjected Plaintiff to a hostile work environment, and retaliated against Plaintiff for her complaints of sexual harassment by terminating her employment, and seeks to recover (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

*Plaintiff*

### VICTORIA ROJAS

8.     Plaintiff VICTORIA ROJAS is an adult who resides in Westchester, New York.

9.     Plaintiff VICTORIA ROJAS was a covered employee within the meaning of the FLSA, NYLL and NYSHRL.

10.     Plaintiff VICTORIA ROJAS retained Brown Kwon & Lam, LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

*Defendants*

11.     At all relevant times, Defendants owned and operated a convenience store doing business under the tradename "Court Street Convenience," located at 167 Martine Avenue, White Plains, New York 10601.

12.     At all relevant times, Defendants jointly employed Plaintiff.

13.     At all relevant times, each Defendant had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

14.     At all relevant times, Defendants were and continue to be an employer within the meaning of the FLSA, NYLL, and NYSHRL.

### COURT STREET CONV N DELI INC d/b/a COURT STREET CONVENIENCE

15.     Defendant COURT STREET CONV N DELI INC d/b/a COURT STREET CONVENIENCE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 167 Martine Avenue, White Plains, New York 10601.

3

16. At all relevant times, Defendants operated "Court Street Convenience" through Defendant COURT STREET CONV N DELI INC.

17. At all relevant times, Defendant had an annual dollar volume of sales or business in excess of $500,000.

18. At all relevant times, Defendant were and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

19. Defendant COURT STREET CONV N DELI INC d/b/a COURT STREET CONVENIENCE is a covered "employer" within the meaning of the FLSA, NYLL and NYSHRL.

20. Defendant COURT STREET CONV N DELI INC d/b/a COURT STREET CONVENIENCE employed Plaintiff.

21. At all relevant times, Defendant COURT STREET CONV N DELI INC d/b/a COURT STREET CONVENIENCE maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

### *ABDUL ALI FARA*

22. At all relevant times, Individual Defendant ALI FARA was an owner and operator of the Court Street Convenience.

23. At all relevant times, Individual Defendant ALI FARA was a principal of the Corporate Defendant.

24. Individual Defendant ALI FARA is a covered "employer" within the meaning of the FLSA, NYLL and the NYSHRL.

25. Individual Defendant ALI FARA employed Plaintiff.

4

26.     At all relevant times, Individual Defendant ALI FARA was directly involved in managing the day-to-day operations of Court Street Convenience.

27.     At all relevant times, Individual Defendant ALI FARA had authority over personnel or payroll decisions and employment policies, practices and procedures at Court Street Convenience.

28.     At all relevant times, Individual Defendant ALI FARA had the power to hire, fire, promote or discipline Plaintiff, and control the terms and conditions of her employment at Court Street Convenience, including her work assignments, work schedules, pay and responsibilities. Individual Defendant ALI FARA directly hired Plaintiff to work for Defendants and terminated her employment.

29.     At all relevant times, Individual Defendant ALI FARA had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff.

30.     At all relevant times, Individual Defendant ALI FARA had the power to prevent or stop any unlawful practices that harmed Plaintiff.

31.     At all relevant times, Individual Defendant ALI FARA had the power to maintain employment records, including time and/or wage records of employees at Court Street Convenience.

32.     Individual Defendant ALI FARA directly hired Plaintiff to work for Defendants.

33.     Individual Defendant ALI FARA was an "aider and abettor" as defined by the NYSHRL.

*SAHIL CHANDRANI*

34.     At all relevant times, Individual Defendant SAHIL CHANDRANI was an owner and operator of the Court Street Convenience.

35.     At all relevant times, Individual Defendant SAHIL CHANDRANI was a principal of the Corporate Defendant.

36.     Individual Defendant SAHIL CHANDRANI is a covered "employer" within the meaning of the FLSA, NYLL and the NYSHRL.

37.     Individual Defendant SAHIL CHANDRANI employed Plaintiff.

38.     At all relevant times, Individual Defendant SAHIL CHANDRANI was directly involved in managing the day-to-day operations of Court Street Convenience.

39.     At all relevant times, Individual Defendant SAHIL CHANDRANI had authority over personnel or payroll decisions and employment policies, practices and procedures at Court Street Convenience.

40.     At all relevant times, Individual Defendant SAHIL CHANDRANI had the power to hire, fire, promote or discipline Plaintiff, and control the terms and conditions of her employment at Court Street Convenience, including her work assignments, work schedules, pay and responsibilities. Individual Defendant SAHIL CHANDRANI terminated Plaintiff's employment with Defendants.

41.     At all relevant times, Individual Defendant SAHIL CHANDRANI had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors at Court Street Convenience.

42.     At all relevant times, Individual Defendant SAHIL CHANDRANI had the power to prevent or stop any unlawful practices that harmed Plaintiff at Court Street Convenience.

43.    At all relevant times, Individual Defendant SAHIL CHANDRANI had the power to maintain employment records, including time and/or wage records of employees at Court Street Convenience.

44.    Individual Defendant SAHIL CHANDRANI was an "aider and abettor" as defined by the NYSHRL.

### ABDUL HAMEED MOHAMMED

45.    At all relevant times, Individual Defendant ABDUL HAMEED MOHAMMED was a manager at Court Street Convenience.

46.    Individual Defendant ABDUL HAMEED MOHAMMED is a covered "employer" within the meaning of the FLSA, NYLL and the NYSHRL.

47.    Individual Defendant ABDUL HAMEED MOHAMMED employed Plaintiff.

48.    At all relevant times, Individual Defendant ABDUL HAMEED MOHAMMED was directly involved in managing the day-to-day operations of Court Street Convenience.

49.    At all relevant times, Individual Defendant ABDUL HAMEED MOHAMMED had authority over personnel or payroll decisions and employment policies, practices and procedures at Court Street Convenience.

50.    At all relevant times, Individual Defendant ABDUL HAMEED MOHAMMED had the power to hire, fire, promote or discipline Plaintiff, and control the terms and conditions of her employment at Court Street Convenience, including her work assignments, work schedules, pay and responsibilities.

51.    At all relevant times, Individual Defendant ABDUL HAMEED MOHAMMED had the power to maintain employment records, including time and/or wage records of employees at Court Street Convenience.

7

52. At all relevant times, Individual Defendant ABDUL HAMEED MOHAMMED subjected Plaintiff to a hostile work environment in violation of the NYSHRL, and was an "aider and abettor" under that law.

## STATEMENT OF FACTS

### *Wage and Hour Allegations*

53. On or about June 15, 2023, Plaintiff VICTORIA ROJAS was hired by Defendants to work as a cashier at Court Street Convenience, located at 167 Martine Avenue, White Plains, New York 10601. On or about February 1, 2025, Defendants wrongfully terminated Plaintiff VICTORIA ROJAS following her complaints of sexual harassment.

54. At all relevant times, Plaintiff VICTORIA ROJAS regularly worked six (6) days per week, for approximately eight (8) hours per workday, without any uninterrupted breaks, for a total of approximately forty-eight (48) hours per week. At all relevant times, Plaintiff VICTORIA ROJAS's work schedule was from 7:00am until 3:00pm, from Mondays through Saturdays. At all relevant times, Plaintiff regularly worked over forty (40) hours per workweek.

55. For a period of three months upon hiring, Plaintiff VICTORIA ROJAS was compensated by Defendants at a fixed rate of $500.00 per week, regardless of the number of hours worked. During this period, Plaintiff's derived hourly rate was below that of the prevailing New York State minimum wage rate.

56. Thereafter, for another period of three months, Plaintiff VICTORIA ROJAS was compensated by Defendants at a fixed rate of $700.00 per week, regardless of the number of hours worked. During this period, Plaintiff's derived hourly rate was below that of the prevailing New York State minimum wage rate.

57. From in or around mid-December 2023 until the end of her employment with Defendants, Plaintiff VICTORIA ROJAS was compensated by Defendants at a fixed rate of $800.00 per week, regardless of the number of hours worked.

58. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff overtime premiums equal to one and a half times her regular hourly rate for hours worked in excess of forty (40) hours per work week.

59. There was never any understanding between Plaintiff and Defendants that her weekly salary was intended to include overtime premiums.

60. At all relevant times, Plaintiff did not receive a proper notice of pay rate or pay day from Defendants, as required under the NYLL. At all times, Defendants were further required to notify their employees in writing of any changes to the requisite information set forth in a wage notice, including changes to their pay rate or pay day. At all relevant times throughout Plaintiff's employment, Defendants failure to provide Plaintiff with a proper notice of pay rate resulted in Plaintiff being undercompensated at the New York State prevailing minimum wage and at time-and-a-half for her overtime hours worked. Without adequate notice, Plaintiff suffered from financial harm, including the non-payment of her proper wages as she did not receive notice.

61. At all relevant times, Plaintiff did not receive proper wage statements from Defendants. At all relevant times, Plaintiff regularly worked but did not receive wage statements identifying, among other requisite information for these statements, her total number of hours worked for the employment period and corresponding pay rate and gross pay. Due to Defendant's failure to regularly provide proper wage statements informing her of her total hours worked, pay rate, and gross pay, Plaintiff was injured and suffered financial harm from the non-payment of wages.

62.    At all times, Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff, in violation of the NYLL.

63.    Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff overtime wages, in violation of the FLSA and NYLL.

64.    Defendant knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff pursuant to the requirements of the NYLL.

65.    Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff pursuant to the requirements of the NYLL.

*Sexual Harassment Allegations*

66.    Starting in or around June 2024, Individual Defendant Abdul Ali Fara directed Individual Defendant, and store manager, Abdul Hameed Mohammed to supervise Plaintiff. At all relevant times, Plaintiff's, and Defendant Abdul Hameed Mohammed's schedule overlapped between 1:00pm and 3:00pm.

67.    In or around July 2024, Individual Defendant Mohammed began subjecting Plaintiff to a sexually hostile work environment. Furthermore, throughout August and September 2024, Defendant Mohammed told Plaintiff, customers, co-workers, and others that he was going to get a diamond ring for Plaintiff and he was going to make Plaintiff his wife, and that they were going to get married in Dubai.

68.    Towards the end of August 2024, Defendant Mohammed's sexual harassment of Plaintiff escalated. Defendant Mohammed would regularly try to grab and touch Plaintiff's waist. On occasion, when Plaintiff bent over to pick up or stock merchandise, Defendant Mohammed would photograph Plaintiff and tell her that he knew what kind of underwear she was wearing. He would then tell Plaintiff that the pictures he took of her were driving him crazy.

10

69.     In late August 2024, Plaintiff complained to Defendant Ali Fara about the inappropriate conduct.  Ali Fara said he would speak with Defendant Mohammed and inform Defendant Chandrani of the problem.

70.     Defendants failed to address Plaintiff's complaint and the harassment continued unabated. Instead, Defendants retaliated against Plaintiff by transferring her to work in the deli, which was not part of her regular job duties as a cashier, and required her to operate dangerous cutting machines that she was not trained to operate.  Defendants only later moved Plaintiff back to her regular position after they were unable to find an adequate employee to operate the cash register.

71.     On or about October 28, 2024, Plaintiff was working in the store.  Around 7:05 a.m. Defendant Mohammed arrived, and told Plaintiff to meet him in the office to discuss her work hours.  As Plaintiff entered, Defendant Mohammed closed and locked the door behind her.  He then pulled a knife out, lunged at Plaintiff, placed the knife against her throat and placed his hand on her groin area.  Plaintiff managed to push Mohammad off and escaped.

72.     Plaintiff was initially in shock and was not sure of what to do.  However, the next day, on or about October 29, 2024, Plaintiff reported the assault to Defendant Chandrani. Plaintiff told Chandrani that she intended to file a police report.  Chandrani pleaded with Plaintiff to not file a police report, stating that he was going to take Mohammed out of the store, and that Plaintiff would not be harassed again.  Plaintiff, who was still terrified agreed that she would not file the report if Mohammad was terminated.  She further stated that she just wanted to do her job in peace. Chandrani again reassured Plaintiff not to worry, and that he would take care of it.

73.     When Plaintiff reported to work the next day, Defendant Mohammad was not present.  Plaintiff continued to work without incident for the next few months.

11

74.     On or around February 1, 2026 Chandrani called Plaintiff to inform her that her employment was being terminated.  Chandrani initially stated the reason for the termination was due to slow business, however, he later admitted that Ali Fara did not want Plaintiff working there because of the problems she had with Mohammad.

75.     Defendants subjected Plaintiff to a hostile work environment on the basis of sexual harassment and terminated her following her complaints thereof.   Due to Defendants' discriminatory and retaliatory practices, Plaintiff suffered from severe emotional distress, anxiety, and humiliation.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### *Violation of the Fair Labor Standards Act*

76.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

78.     Defendants failed to pay Plaintiff her overtime wages for all hours worked in excess of forty (40) per workweek, to which she is entitled under the FLSA.

79.     Defendants failed to pay Plaintiff her full and proper wages for all hours worked.

80.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

81.     Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff her full and proper wages for all hours worked when Defendants knew or

12

should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

82.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

83.     As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied her full and proper wages, including overtime wages, in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

84.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

**SECOND CAUSE OF ACTION**
***Violation of the New York Labor Law***

85.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.     At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been an employer of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

87.     Defendants failed to pay Plaintiff the minimum wage to which she was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

88. Defendants failed to pay Plaintiff proper overtime wages to which she was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

89. Defendants failed to pay Plaintiff the full and proper wages for all hours worked.

90. Defendants failed to furnish Plaintiff with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

91. Defendants failed to furnish Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

92. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff as required by the NYLL and the supporting New York State Department of Labor Regulations.

14

93.    Defendants failed to properly disclose or apprise Plaintiff of her rights under the NYLL and the supporting New York State Department of Labor Regulations.

94.    As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, liquidated damages, statutory damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

### THIRD CAUSE OF ACTION
#### *Violation of the New York State Human Rights Law*
#### *(Sexual Harassment)*

95.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96.    Plaintiff is an employee and protected person within the meaning of the NYSHRL and Defendants are a covered employer under the NYSHRL.

97.    Defendants violated Plaintiff's statutorily protected rights under the NYSHRL, New York Executive Law, Article 15 §§ 290 *et seq.*, by engaging in discriminatory employment practices and subjecting Plaintiff to disparate treatment, including a sexually hostile work environment and inferior terms, conditions, or privileges of employment, on the basis of her sex.

98.    Defendants discriminated against Plaintiff on the basis of her sex in violation of the NYSHRL by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy an unlawfully discriminatory environment.

99.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment,

15

stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

100.    Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL, for which she is entitled to an award of punitive damages.

101.    Due to Defendants' violations of the NYSHRL, namely, employment discrimination on the basis of sex, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices as described herein; (2) economic damages; (3) compensatory damages; (4) punitive damages; and (5) attorneys' fees.

## FOURTH CAUSE OF ACTION
### *Retaliation in Violation of the New York State Human Rights Law*

102.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103.    Plaintiff is an employee and a protected person within the meaning of the NYSHRL and Defendants are a covered employer under the NYSHRL.

104.    Defendants retaliated against Plaintiff on the basis of her protected activity under the NYSHRL by terminating Plaintiff's employment after she made an internal complaint regarding workplace sex discrimination and sexual harassment.

105.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic harm for which she is entitled to an award of monetary damages and other relief.

106.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment,

16

stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

107.    Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL, for which she is entitled to an award of punitive damages.

108.    Due to Defendants' violations of the NYSHRL, namely, retaliation against Plaintiff for participating in protected activity, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendant to cease its retaliatory practices as described herein; (2) economic damages; (3) compensatory damages; (4) punitive damages; and (5) attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.    An award of unpaid wages due under the FLSA and NYLL;

b.    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and the full and proper overtime wages, pursuant to the FLSA or NYLL;

c.    Statutory penalties to Plaintiff for Defendants' failure to provide Plaintiff and the Class with proper wage notices and wage statements, as required by the NYLL;

d.    An award to Plaintiff awarding relief for Defendants' discriminatory conduct, including, but not limited to economic, compensatory and punitive damages;

e.    A declaratory judgment that the practices complained of herein are unlawful under the NYSHRL;

f.    Pre-judgment and post-judgment interest;

g.    Reasonable attorneys' fees and costs of this action;

17

h.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, and NYSHRL;

i.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

j.  Such other and further relief as this Court deems just and proper.

18

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated:  April 26, 2026                           Respectfully submitted,

**BROWN KWON & LAM, LLP**

By:      */s/ William Brown*

William Brown, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642

*Attorneys for Plaintiff*

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, VICTORIA ROJAS, hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, against COURT STREET CONV N DELI INC, d/b/a COURT STREET CONVENIENCE, ABDUL ALI FARA, SAHIL CHADRANI, ABDUL HAMEED MOHAMMED, and/or related entities and individuals to recover unpaid minimum and overtime wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

Firmado por:

Victoria R.

C23E381C88EE4F2...

VICTORIA ROJAS

Date: 4/17/2026